IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> QUALXSERV, LLC., <br><br> Defendant. | Case No. 06 C 50156 <br><br> JURY TRIAL DEMANDED |

FILED
AUG 23 2006
MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 et seq., and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to an applicant who was adversely affected by such practices. The Commission alleges that Defendant QualxServ, LLC. ("Defendant") refused to hire William Landram, a qualified individual with a disability, legal blindness, because of his disability in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court in the Northern District of Illinois, Western Division.

## PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107 (a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1)and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant, QualxServ, LLC. is incorporated in the State of Delaware. At all relevant times, Defendant has continuously been doing business in the city of Rockford in the State of Illinois, and has continuously had and does now have at least fifteen (15) employees.

5. At all relevant times Defendant has been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of this lawsuit, the applicant filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least May 2004, Defendant has engaged in unlawful employment practices at its facility in violation of Sections 102(a) and 102(b)(5) of Title I of the ADA, 42 U.S.C. §§ 12112(a). Such practices include, but are not limited to: refusing to hire William Landram because of his disability.

9. The effect of the practices complained of in paragraph 8 above has been to deprive the applicant of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

10. The unlawful employment practices complained of in paragraphs 8 and 9 above were intentional.

11. Defendant, at all relevant times, has acted with malice or reckless indifference to the federally protected rights of the applicant.

## PRAYER FOR RELIEF

**WHEREFORE,** the Commission respectfully prays that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, management personnel, employees, agents, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole the applicant, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole the applicant, by providing compensation for pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 and 9 above, including job search and medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole the applicant, by providing compensation for non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 8 and 9 above, including pain, suffering, emotional distress, inconvenience and mental anguish, in amounts to be proved at trial.

F. Order Defendant to pay punitive damages for its malicious and reckless conduct, as described in paragraphs 8 and 9, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Grant the Commission its costs in this action.

## **JURY TRIAL DEMANDED**

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment
    Opportunity Commission
1801 "L" Street, N.W.
Washington, D.C. 20507

_____

John C. Hendrickson
Regional Attorney

_____

Gregory M. Gochanour
Supervisory Trial Attorney

*/s/ June Wallace Calhoun*
June Wallace Calhoun
Trial Attorney

U.S. Equal Employment
    Opportunity Commission
Chicago District Office
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7259
ARDC No. 06202058